UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ERIC DANCY,

                                    Petitioner,

                    v.

JAFFE COLLADO,

                                    Respondent.

**MEMORANDUM AND ORDER**

20-CV-5718 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

On November 19, 2020, Eric Dancy ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from an October 9, 2015 conviction in the Supreme Court of New York State, County of Kings (the "State Court"). (Pet. Writ of Hab. Corp. ("Pet."), ECF. No. 1.) On December 14, 2020, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking identical relief. (Am. Pet. Writ of Hab. Corp. ("Am. Pet."), ECF No. 3.)

## BACKGROUND

On June 19, 2013, Petitioner was indicted on forty-four (44) counts following events occurring on February 2, 2013.[1] (*Id.*) On July 3, 2013, Petitioner was indicted on thirty-six (36) additional counts following events that occurred on May 12, 2013.[2] (*Id.*) The State Court

---

[1] Indictment No. 4311-2013 ("Indictment No. 4311") charged Petitioner with the following counts: Predatory sexual assault (4 counts); criminal sexual act in the first degree (3 counts); rape in the first degree; robbery in the first degree; robbery in the first degree as a sexually motivated felony; attempted rape in the first degree; robbery in the second degree (2 counts); robbery in the second degree as a sexually motivated felony (2 counts); sexual abuse in the first degree (7 counts); robbery in the third degree; assault in the second degree; assault in the second degree as a sexually motivated felony; strangulation in the second degree; grand larceny in the fourth degree; sexual misconduct (4 counts); petit larceny; menacing in the second degree; assault in the third degree; criminal obstruction of breathing or blood circulation; attempted sexual misconduct; sexual abuse in the third degree (7 counts); and menacing in the third degree. (Indictment No. 4311 at 2, ECF No. 5-3.)

[2] Indictment No. 4737-2013 ("Indictment No. 4737") charged Petitioner with the following counts: Predatory sexual assault (4 counts); criminal sexual act in the first degree (3 counts); rape in the first degree; robbery in the

subsequently consolidated the cases, concluding that the charges under each indictment were "joinable because even though based upon different criminal transactions, they are defined by the same or similar statutory provisions."  (Dec. & Order on Mot. Consol. ("Mot. Consol. Dec.") at 3-4, ECF No. 5-22.)  The Petitioner, then, made a motion to sever the cases, which was granted.  (Dec. & Order on Mot. Sever ("Mot. Sever Dec."), ECF. No. 5-42.)  Following the severance, the State Court retitled Indictments Nos. 4311 and 4737 as Indictments Nos. 4311A and 4311B, respectively.  (*See* Plea Tr. at 3:1-3, ECF No. 5-52.)  On October 9, 2015, Petitioner pleaded guilty to four (4) counts of Criminal Sex Act in the First Degree, with two (2) counts arising under each of Indictments Nos. 4311A and 4311B.  (*See* Sentencing Tr. at 2:12-3:16, 8:13-16, ECF No. 5-53.)  Petitioner was ultimately sentenced to eighteen (18) years' imprisonment on all four (4) counts, to run concurrently, and fifteen (15) years' supervised release.  (Sentencing Tr. at 8:13-16; Pet'r's Direct Appeal Br. at 4, ECF No. 5-62.)

On or about August 16, 2017, Petitioner filed a motion to vacate his conviction pursuant to N.Y.C.P.L § 440.10, arguing actual innocence and ineffective assistance of counsel.  (Am. Pet. at 3; Pet'r's Mot. Vacate J. ("Mot. Vacate J."), ECF No. 5-54.)  On March 23, 2018, the State Court denied Petitioner's motion.  (Am. Pet. at 3; App. Div.'s Dec. & Order on Mot. Vacate J. ("Mot. Vacate Dec.") at 13-14, ECF No. 5-60.)  Thereafter, Petitioner sought leave to appeal the State Court's decision as to his motion to vacate, which the New York Supreme Court Appellate Division, Second Department (the "Appellate Division") denied in August 2018.  (Am. Pet. at 3; Dec. & Order on Pet'r's Req. for Leave to Appeal the Mot. Vacate. Dec. ("Mot.

---

first degree; robbery in the first degree as a sexually motivated felony; robbery in the second degree; robbery in the second degree as a sexually motivated felony; sexual abuse in the first degree (5 counts); robbery in the third degree; robbery in the third degree as a sexually motivated felony; assault in the second degree; assault in the second degree as a sexually motivated felony; strangulation in the second degree; grand larceny in the fourth degree; sexual misconduct (4 counts); petit larceny; assault in the third degree; criminal obstruction of breathing or blood circulation; and sexual abuse in the third degree (6 counts).  (Indictment No. 4737 at 2-3, ECF No. 5-5.)

Vacate Appeal Dec.") at 2, ECF No. 5-61.)  Petitioner then filed a direct appeal of his conviction, contending that:  (1) his constitutional and statutory rights to a speedy trial had been violated; (2) he had been convicted on a jurisdictionally defective indictment, because it was not approved by a grand jury; (3) his guilty plea had been coerced and resulted in several errors being concealed; and (4) evidence presented during the grand jury proceeding was obtained in violation of his right to counsel.  (Am. Pet. at 2; Pet'r's Direct Appeal Br., ECF No. 5-62)  On November 27, 2019, Petitioner's conviction was affirmed by the Appellate Division.  (Am. Pet. at 2; App. Div. Dec. & Order on Pet'r's Direct Appeal ("Direct Appeal Dec."), ECF No. 5-66.)  Petitioner sought leave to further appeal his conviction, which the Appellate Division denied on January 30, 2020.  (Am. Pet. at 2; Pet'r's First Ltr. Req. for Leave to Appeal the Direct Appeal Dec. ("Pet'r's First Ltr. Req."), ECF No. 5-67; Pet'r's Second Ltr. Req. for Leave to Appeal the Direct Appeal Dec. ("Pet'r's Second Ltr. Req."), ECF No. 5-68; App. Div.'s Dec. & Order on Pet'r's First and Second Ltr. Reqs. ("Pet'r's Ltr. Reqs. Dec."), ECF No. 5-70.)  Petitioner did not file a petition for certiorari in the United States Supreme Court.  (Am. Pet. at 2.)  Instead, on February 20, 2020, Petitioner moved for a writ of error *coram nobis* in the Appellate Division, arguing that his appellate counsel raised "weak" arguments, which were unpreserved for appellate review, and failed to argue that the evidence giving rise to probable cause for his arrest was constitutionally infirm.  (Am. Pet. at 4; Pet'r's Mot. Writ Error Coram Nobis ("Mot. Error Coram Nobis") at 12-14, ECF No. 5-71.)  The Appellate Division denied this motion on October 28, 2020.  (Am. Pet. at 4; App. Div.'s Dec. & Order on Mot. Error Coram Nobis ("Mot. Error Coram Nobis Dec."), ECF No. 5-74.)

On or about November 19, 2020, Petitioner filed the instant petition seeking relief on the grounds that:  (1) he was improperly convicted and sentenced under Indictment 4311B, which

was neither a grand jury indictment nor a superseding or properly amended indictment; (2) probable cause for his arrest was based on statements made to police officers that were unconstitutionally obtained in violation of his right to counsel; (3) he is actually innocent; (4) his Sixth Amendment right to a speedy-trial was violated; (5) the evidence used in the grand jury proceeding was obtained in violation of his right to counsel, therefore "compromis[ing] the integrity of the grand jury" proceeding, which he was not permitted to attend; and (6) his right to due process was violated.  (Pet. at 15-17.)  On or about December 14, 2020, Petitioner filed an amended petition on the same grounds.  (Am. Pet. at 17-19)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state court judgment may bring an application for a writ of habeas corpus only on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petitioner seeking to obtain habeas corpus relief for claims adjudicated on the merits in a state court proceeding must show that the state court's decision was either:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" in the state court.  28 U.S.C. § 2254(d)(1)-(2); *see also Kernan v. Hinojosa*, 578 U.S. 412, 413 (2016).

For the purposes of federal habeas review, "clearly established Federal law" is defined as "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to," or an "unreasonable application of," clearly established federal law if

the state court's conclusion:  (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on a set of materially indistinguishable facts; or (3) identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* at 412-13.  An unreasonable application of federal law is different from an erroneous or incorrect application of federal law.  *Id.* at 412.  Factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## DISCUSSION

### I.    Unexhausted Claims

"An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . . "  28 U.S.C. § 2254(b).  "Exhaustion requires a petitioner fairly to present the federal court claims in state court."  *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003).  A petitioner has fairly presented his claim if he has "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim."  *Ramirez v. Att'y Gen. of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001); *Jones*, 329 F.3d at 294-95.  That is, a petitioner "must have set forth in state court all of the essential factual allegations asserted in his federal petition."  *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982).  Moreover, with respect to the legal bases of the federal claim, a petitioner must "have placed before the state court essentially the same legal doctrine he asserts in his federal petition."  *Id.* at 192; *see also Jones*, 329 F.3d at 295 ("The claim presented to the state court . . . must be the

5

'substantial equivalent' of the claim raised in the federal habeas petition." (quoting *Strogov v. Att'y Gen. of State of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999))).

Here, like on direct appeal, Petitioner contends that his statements to law enforcement officers were obtained in violation of his constitutional right to counsel and that the use of these statements as evidence in a grand jury proceeding, which he was not permitted to attend, impaired the proceeding.  (*See* Pet. at 2; Pet'r's Supplem. Direct Appeal Br. ("Pet'r's Supplem. Br.") at 70-73, ECF No. 5-64.)  As found on direct appeal, these are matters dehors the record.[3] *Id.*  Under New York law, the proper vehicle for matters dehors the record is a post-judgment motion to vacate pursuant to N.Y. Crim. Proc. Law ("N.Y.C.P.L") § 440.10.  *See Edwards v. Rock*, No. 09-CV-1387 JFB, 2013 WL 80176, at *9 (E.D.N.Y. Jan. 7, 2013) ("Under New York law, the proper vehicle for review[ing] [] [matters dehors the record which cannot be reviewed on direct appeal] is a post[-]judgment motion to vacate the judgment pursuant to N.Y. Crim. Proc. Law § 440.10.").  However, Petitioner indeed availed himself of a motion to vacate pursuant to N.Y.C.P.L.§ 440.10.  (Mot. Vacate J.)  When moving to vacate his conviction pursuant to N.Y.C.P.L.§ 440.10, Petitioner only raised arguments as to his actual innocence and ineffective assistance of counsel.  (Mot. Vacate J.)  Petitioner failed to assert that his statements to law enforcement were obtained in violation of his constitutional right to counsel or that the grand jury proceeding was impaired by said statements.  (*See id.*)  Petitioner only made a passing reference to the violation of his constitutional right to counsel when he provided factual support for his claim of ineffective assistance of counsel.  (*Id.* at 22 ("While at the S.V.U. headquarters[,] [Petitioner] requested counsel prior to giving [his] statement, . . . [but Petitioner] was tricked into

---

[3] On direct appeal, the Appellate Division affirmed Petitioner's convictions, determining, *inter alia*, that these argument "[were] based on matter dehors the record and, thus, [could not] be reviewed on direct appeal."  (Direct Appeal Dec. at 2-3.)

giving a statement in violation [of] his right to counsel.")  This type of general appeal to a

constitutional guarantee, without more, is insufficient to present the substance of such a claim to

the state court, as necessary to satisfy the exhaustion requirement.  A petitioner does not satisfy

the exhaustion requirement of 28 U.S.C. § 2254(b) by simply "presenting the state courts only

with the facts necessary to state a claim for relief."  *Gray v. Netherland*, 518 U.S. 152, 163

(1996).  "[F]or the purposes of exhausting state remedies, a claim for relief in habeas corpus

must include reference to a specific federal constitutional guarantee, as well as a statement of the

facts that entitle the petitioner to relief."  *Id.* at 162-63.  By merely purporting that he provided

law enforcement with an uncounseled statement, notwithstanding his request for counsel prior to

making the statement, Petitioner fails to exhaust his state remedies as to either argument.  *See id.*;

*Jones*, 329 F.3d at 294; *Ramirez*, 280 F.3d at 94.  The instant petition is denied as to these

claims, accordingly.

## II. Procedurally Barred Claims

Petitioner argues that his right to a speedy trial was violated and that he was improperly

convicted and sentenced under Indictment No. 4311B, thus warranting the grant of the instant

petition.  (Am. Pet. at 17-18.)  Without reaching the merits of Petitioner's arguments, the Court

finds that Petitioner's claims are procedurally barred.

"As a rule, a state prisoner's habeas claims may not be entertained by a federal court

when (1) a state court [has] declined to address [those] claims because the prisoner had failed to

meet a state procedural requirement, and (2) the state judgment rests on independent and

adequate state procedural grounds."  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (internal

quotation marks omitted).  "[W]hen a state court concludes that a claim is unpreserved for

appellate review, this is 'an independent and adequate state ground that bars a federal court from

granting habeas relief.'" *Thompson v. Griffin*, No. 14-CV-1641, 2019 WL 1368995, at *4 (E.D.N.Y. Mar. 25, 2019) (quoting *Butler v. Cunningham*, 313 F. App'x 400, 401 (2d Cir. 2009) (summary order)).  A petitioner can overcome this bar only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

On direct appeal, Petitioner asserted that he was improperly convicted and sentenced under Indictment 4311B and that his Sixth Amendment right to a speedy trial was violated. (Pet'r's Supp. Br. at 23-39, 40-53.)  The Appellate Division affirmed Petitioner's conviction, holding, *inter alia*, that neither argument was "preserved for appellate review" and that both arguments were, nonetheless, "without merit."  (Direct Appeal Dec. at 3.)  Such language effectuates a procedural bar to subsequent habeas relief.  *See Thompson*, 2019 WL 1368995, at *4; *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810–11 & n.4 (2d Cir. 2000) ("[W]here a state court says that a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved.").  Petitioner makes no argument with respect to cause or prejudice.  Accordingly, Petitioner's Sixth Amendment claim and his claim of improper conviction and sentencing under Indictment No. 4311B are procedurally barred from habeas review and denied.

## III.    Actual Innocence

It is well-settled that naked claims of innocence, absent reliance on constitutional infirmities in the trial, do not provide a basis for federal habeas corpus relief.  *See Greene v. Walker*, 205 F.3d 1322, at *1 (2d Cir. 1999) (holding that "claims of actual innocence, standing alone" are an insufficient basis for federal habeas corpus relief (citing *Herrera v. Collins,* 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have

never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.")))*; see also Arce v. Comm'r of Corr. Servs.*, 06-CV-5573, 2007 WL 2071713, at \*4 (E.D.N.Y. July 17, 2007) (collecting cases). Even where a petitioner lodges a claim of actual innocence based on constitutional infirmities, a petitioner's bare statement that he is innocent is still insufficient.  A petitioner must also "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  And, this new evidence must make it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.* at 327.  "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact."  *Herrera*, 506 U.S. at 400.

Here, Petitioner argues that he is entitled to federal habeas relief because he is "actually innocent."  (Am. Pet. at 17.)  Specifically, he argues that "[prosecution] has potentially exculpatory evidence that he never turned over to the defense."  (*Id.*)  However, Petitioner fails to proffer or even refer to any new evidence that would satisfy his burden.  Instead, Petitioner makes only naked assertions as to prosecution's withholding of "potentially exculpatory evidence."  (Am. Pet. at 17.)  Such bare assertions, without new reliable evidence of innocence, are insufficient to support a claim of actual innocence.  *See Schlup*, 513 U.S. at 324. Accordingly, Petitioner's actual innocence claim is not cognizable for federal habeas review.

## IV.    Petitioner's Claim for Violation of Due Process

Petitioner's remaining claim for a violation of his right to due process claim is, in short, incoherent.  Petitioner argues that his right to due process was violated because he was neither called before the State Court nor convicted on the charges brought under Indictment No. 4373.

9

(Am. Pet. 18-19.)  The Court can only construe Petitioner's argument as suggesting that, by retitling Indictment No. 4737 as Indictment No. 4311B, Petitioner's right to due process was violated.  It was not.

Challenges to the sufficiency of a state indictment are generally not cognizable on habeas review.  *See U. S. ex rel. Mintzer v. Dros*, 403 F.2d 42 (2d Cir. 1967) ("Habeas corpus is not available to test the sufficiency of [a state] indictment" (citing *U. S. ex rel. Tangredi v. Wallack*, 343 F.2d 752, 753 (2d Cir. 1965)).  Indeed, "[c]hallenges to state indictments are only cognizable on [federal] habeas review if the indictment fails to satisfy the basic due process requirements: notice of 'the time, place, and essential elements of the crime.'"  *Scott v. Superintendent, Mid-Orange Corr. Facility*, No. 03-CV-6383, 2006 WL 3095760, at *6 (E.D.N.Y. Oct. 31, 2006) (quoting *Carroll v. Hoke*, 695 F.Supp. 1435, 1438 (E.D.N.Y.1988), *aff'd*, 880 F.2d 1318 (2d Cir. 1989).

Here, following events occurring on February 2, 2013, Petitioner was charged under Indictment No. 4311.  (Indictment No. 4311).  Additionally, following events that occurred on May 12, 2013, Petitioner was charged under Indictment No. 4737.  (Indictment No. 4737). Importantly, Indictment Nos. 4311 and 4737 included the time, place, and essential elements of the crimes.  (Indictment No. 4311; Indictment No. 4737.)  That Indictment 4737 was retitled as Indictment 4311B, following the State Court's consolidation and subsequent severance of the cases, (Mot. Consol. Dec. at 3-4; Mot. Sever Dec.; *see* Plea Tr. at 3:1-3.), does not negate the "basic due process" that was provided to Petitioner—that is, "notice of 'the time, place, and essential elements of the crime.'"  *See Scott*, No. 03-CV-6383, 2006 WL 3095760, at *6.  And, Petitioner fails to direct the Court to any legal authority, in this or any circuit, nor does the Court find any authority, suggesting that retitling an indictment under which a defendant is charged and

convicted falls short of the required, basic due process.  It is therefore plain that Petitioner received the due process to which he was entitled.  As such, Petitioner's due process claim must fail and is denied, accordingly.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Because Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability will issue.  *See* 28 U.S.C. § 2253(c); *see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000).  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York

/s/ LDH

September 30, 2025

LASHANN DEARCY HALL

United States District Judge